IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

ZANDER GROUP HOLDINGS INC. and
JEFFREY J. ZANDER,

  Plaintiffs,

v.

KATZ, SAPPER & MILLER LLP; KSM BUSINESS SERVICES INC.; and ANDREW J. MANCHIR,

  Defendants.

Case No. 3:18-cv-653
JUDGE CRENSHAW
MAG. JUDGE NEWBERN

## INITIAL CASE MANAGEMENT ORDER

    A.   **JURISDICTION:** The court has jurisdiction pursuant to 28 U.S.C. §1332.

    B.   **BRIEF THEORY OF THE PARTIES**

    **For Plaintiffs:** On or about September 1, 2011, plaintiff Jeffrey J. Zander (hereinafter simply "Mr. Zander") caused one of the partners in JJZ Insurance Agency to sell a forty-nine-percent (49%) interest in the partnership to Zander Group Holdings Inc. (which is hereinafter referred to as "Zander Holdings") One-hundred percent of the stock of Zander Holdings was then purchased by and conveyed to the trustee for the Zander Group Holdings Inc. Employee Stock Ownership Plan (or "The ESOP"), an entity formed to hold those interests for the benefit of persons working for Zander Insurance Group

pursuant to the applicable provisions of the Employee Retirement Income Security Act of 1974. Mr. Zander caused the JJZ Insurance Agency partners, of which he was the beneficial owner, as well as Zander Holdings, of which he was the president, to enter into the aforementioned ESOP Transaction in reliance on advice, including advice as to the structure of the Transaction and the propriety of the valuations on which its terms were based, provided by the Defendants.

Subsequently, On August 23, 2017, the United States Secretary of Labor commenced an action against the Plaintiffs, ***Acosta v. Zander Group Holdings, Inc. et al***, Case No. 3:17-cv-01187, U.S. District Court for the Middle District of Tennessee (the "DOL Action"), asserting violations of the Employee Retirement Income Security Act of 1974 (or "ERISA") concerning the aforementioned ESOP Transaction. Prior to being notified of the Secretary's allegations, the Plaintiffs were unaware, and lacked either reason or opportunity to become aware, of the defects with the ESOP Transaction that the Secretary asserts exists or the potential negligence of the Defendants that caused those defects if in fact they do exist. Prior to the Secretary notifying the Plaintiff of his allegations, no dispute had existed between the Plaintiffs and the Defendants concerning the elements of the ESOP Transaction placed at issue by the Secretary's complaint.

The Plaintiffs have brought the present Complaint for the purpose of recouping from the Defendants whatever liability the Plaintiffs may be found to have to the Secretary of Labor, but do so in the alternative, maintaining primarily (as they do in the action commenced by the Secretary) that they in fact are not liable to the Secretary in any respect.

**For Defendants:**

(a) The Settlement Agreement forbids the filing of all of the causes of action asserted in this case, as Jeffrey Zander ("Zander") and Zander Group Holdings, Inc. ("ZGH") voluntarily released and forever discharged Katz, Sapper & Miller, LLP ("the LLP"), KSM Business Services, Inc. ("KSMBS"), and Andrew Manchir ("Manchir") from all causes of action arising out of the "consulting services provided by Manchir and KSM relating to the ESOP Transaction."

(b) Zander retained 2nd Generation Capital LLC to be the valuation company, and did not retain Defendants to perform any valuation service.

(c) Defendants relied on the accuracy and reliability of the financial data Zander provided, and were not retained to independently evaluate or audit the financial data provided by Zander.

(d) Zander has independently committed wrongdoing, breached various fiduciary duties, engaged in prohibited transactions, and acted on behalf of a party whose interests were adverse to the interests of the Zander

Group Holdings, Inc. Employee Stock Ownership Plan, for which Defendants owe no indemnity or contribution obligation to Plaintiffs.

(e)     Neither Zander nor ZGH have been damaged by the initiation of the Secretary of Labor's Complaint, or will be damaged if the Secretary of Labor obtains the relief requested in his Complaint.

**C.     ISSUES RESOLVED:**   Jurisdiction and venue.

**D.     ISSUES STILL IN DISPUTE:**

1. Whether defendants are liable to plaintiffs for any damages incurred as a result of the DOL Action, including but not limited to costs of litigation, settlement, or satisfaction of any judgment.

Defendants identify the following disputed issues:

(a)     Whether the Settlement Agreement forbids the filing of all of the causes of action asserted in this case.

(b)     Whether Defendants owed Plaintiffs any standard of care with respect to the valuation services, when Plaintiffs did not retain Defendants to perform such valuation services.

(c)     Whether Plaintiffs had the reasonable expectation that Defendants would provide such valuation services despite the fact Plaintiffs did not retain Defendants to perform the valuation.

(d)     Whether Defendants may be held liable for the negligent misrepresentation for the inaccuracy and unreliability of the financial data provided to Defendants.

(d) Whether Defendants owe an indemnity or contribution obligation to Plaintiffs for Zander's own independent wrongdoing, breach of various fiduciary duties, involvement in prohibited transactions, and acts on behalf of a party whose interests were adverse to the interests of the Zander Group Holdings, Inc. Employee Stock Ownership Plan.

(e) Whether Plaintiffs have been damaged.

**E. INITIAL DISCLOSURES:** The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) within thirty (30) days of the District Court's disposition of the pending Motion to Dismiss (Dkt. 16) .

**F. CASE RESOLUTION PLAN AND JOINT ADR:** The parties, in accordance with the District Court's Order (Dkt. 7) shall attempt to resolve this case within 120 days of the initial case management conference. If that effort is not successful, and the case is not otherwise resolved, the parties shall a mediation with a Rule 31 mediator thirty (30) days before the deadline to file dispositive motions.

**G. DISCOVERY:** The parties shall complete all written discovery and depose all facts witnesses within 180 days of the District Court's disposition of the pending Motion to Dismiss (Dkt. 16). Discovery is not stayed during dispositive or other motions, unless ordered by the Court. No motions concerning discovery are to be filed until after counsel have spoken in a good faith effort to resolve any dispute(s). Discovery motions are to be filed

{00123555.DOCX / ver: }

-5-

Case 3:18-cv-00653 Document 19 Filed 09/19/18 Page 5 of 8 PageID #: 242

in accordance with the practices of the Magistrate Judge, who will resolve all disputes. All discovery-related motions shall be filed by no later than 30 days after the District Court's disposition of the pending Motion to Dismiss (Dkt. 16).

**H.     MOTIONS TO AMEND OR TO ADD PARTIES:** Any motions to amend or to add parties shall be filed by no later than 30 days after the Court's disposition of the pending Motion to Dismiss (Dkt. 16).

**I.     DISCLOSURE OF EXPERTS:** The plaintiff shall identify and disclose all expert witnesses and expert reports on or before 30 days after the close of discovery. The defendant shall identify and disclose all expert witnesses and reports on or before 30 days after plaintiffs' disclosure of expert witnesses. No supplemental expert reports or rebuttal experts shall be allowed, except upon order of the Court for good cause shown.

**J.     DEPOSITIONS OF EXPERT WITNESSES:** All expert witnesses shall be deposed by no later than 60 days after defendants' disclosure of expert witnesses.

**K.     SUBSEQUENT CASE MANAGEMENT CONFERENCE:** A Case Management Conference shall be held on January 28, 2019, to address status of discovery (including any discovery issues or disputes), prospects for settlement (including propriety of ADR), and any other appropriate matters.

**L. DISPOSITIVE MOTIONS:** Dispositive motions shall be filed no later than 60 days after the close of discovery. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the Court. In all other respects, the provisions of Local Rule 56.01 shall govern.

**M. ELECTRONIC DISCOVERY:** The parties anticipate reaching an agreement on how to conduct electronic discovery. Administrative Order No. 174 therefore need not apply to this case. However, in the absence of an agreement, the default standards of Administrative Order No. 174 will apply.

**N. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:** The jury trial of this action is expected to last approximately five (5) days. A trial date no later than December 31, 2020, is requested.

It is so **ORDERED**.

_____
Alistair E. Newbern
United States Magistrate Judge

Approved for Entry:

s/Eugene N. Bulso, Jr.
Eugene N. Bulso, Jr. (#12005)
Paul J. Krog (#29263)
Leader, Bulso & Nolan, PLC
414 Union Street, Suite 1740
Nashville, TN 37219
(615) 780-4100
Gbulso@leaderbulso.com
Pkrog@leaderbulso.com
*Attorneys for Plaintiffs*

s/ Richard Glassman
Richard Glassman (#7815)
GLASSMAN, WYATT, TUTTLE & COX, P.C.
26 N. Second Street
Memphis, TN 38103
901.527.2156 (o)
901.521.0940 (f)
jstokes@gwtclaw.com
*Attorneys for Defendants*