# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

**ZANDER GROUP HOLDINGS INC. and**
**JEFFREY J. ZANDER,**

    **Plaintiffs,**

v.

**No. 3:18-cv-00653**
**Judge Campbell/Brown**

**KATZ, SAPPER & MILLER LLP;**
**KSM BUSINESS SERVICES INC.; and**
**ANDREW J. MANCHIR**

## DEFENDANTS' MOTION FOR RULE 11 SANCTIONS AGAINST PLAINTIFFS' COUNSEL

COME NOW Defendants Katz, Sapper & Miller, LLP ("the LLP"), KSM Business Services, Inc. ("KSMBS"), and Andrew Manchir ("Manchir") (collectively "Defendants"), by and through counsel of record, Glassman, Wyatt, Tuttle & Cox, P.C., and pursuant to Fed. R. Civ. P. 11 file the following Motion for Rule 11 Sanctions Against Plaintiffs' counsel. In support hereof, Defendants state as follows:

1. The present case represents the second time Plaintiff Jeffrey Zander ("Zander") has sued the LLP, KSMBS, and Manchir for claims arising from the same set of facts, occurrence, or transaction.

2. In August, 2012, Zander, individually and as Trustee of the Cardinal Trust under Agreement dated February 11, 2009, and JJZ Insurance Agency, a Tennessee general partnership d/b/a Zander Insurance Group ("JJZIA") filed a lawsuit in Davidson County Chancery Court against the LLP, KSMBS, and Manchir, which Defendants removed to this Court under its diversity jurisdiction ("Zander 1"). <u>Zander, et al. v. Katz,</u>

Sapper & Miller, LLP, et al., No. 3:12-cv-00967, Complaint attached to Memorandum of Law in Support of Motion to Dismiss as Exhibit "B."

3. Zander 1 was tried by a jury, which returned a verdict in favor of Zander and JJZIA on July 10, 2014. Judgment in a Civil Case, attached to Memorandum of Law in Support of Motion to Dismiss as Exhibit "G."

4. On January 1, 2015, this Court ordered Zander and JJZIA to accept a remittitur or "the case will be set for a new trial." Order, attached to Memorandum of Law in Support of Motion to Dismiss as Exhibit "H."

5. On April 27, 2015, Zander, JJZIA, the LLP, KSMBS, and Manchir executed a Confidential Settlement Agreement and Release ("Settlement Agreement"). Confidential Settlement Agreement and Release, attached to Memorandum of Law in Support of Motion to Dismiss as Exhibit "A."

6. Thereafter, Zander and JJZIA caused to be entered a Satisfaction of Judgment and Release of Bond, stating "[a]s a result of a negotiated settlement, all judgments entered in this case (Docket Nos. 225, 226 and 296) have been fully and finally satisfied." Satisfaction of Judgment, attached to Memorandum of Law in Support of Motion to Dismiss as Exhibit "K."

7. On July 16, 2018, Zander and Zander Group Holdings, Inc. ("ZGH") initiated the present litigation against the LLP, KSMBS, and Manchir ("Zander 2") for claims arising from the same set of facts, occurrence, or transaction which formed the basis of the claims in Zander 1, i.e. the ESOP Transaction described in the Memorandum of Law in Support of Defendants' Motion to Dismiss for Failure to State a Claim.

8. The Settlement Agreement forbids the filing of all of the causes of action asserted in the Zander 2 Complaint, as Zander and ZGH voluntarily released and forever discharged the LLP, KSMBS, and Manchir from all causes of action arising out of the "consulting services provided by Manchir and KSM relating to the ESOP Transaction." Settlement Agreement, Sec. 3.

9. Plaintiffs' present Complaint does not advocate a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. The factual contentions of the Complaint have no basis in law or fact, have no evidentiary support, and will not have evidentiary support after further investigation or discovery.

10. For the reasons set forth herein and more particularly described in the Memorandum in Support of this Motion, Defendants request that sanctions to the fullest extent allowed by Fed. R. Civ. P. 11(c), up to and including dismissal of the Complaint and all expenses and reasonable attorney's fees incurred by Defendants in connection with this meritless case, be imposed against Plaintiffs' Counsel Eugene N. Bulso, Jr. and Paul J. Krog.

11. As required by Fed. R. Civ. P. 11(c), a copy of this Motion and accompanying Memorandum of Law have been served on Plaintiffs' Counsel pursuant to Rule 5 twenty-one (21) days prior to the filing of this Motion with the Court. See Correspondence to Plaintiff's Counsel, attached to Memorandum of Law as Exhibit "A."

WHEREFORE, PREMISES CONSIDERED, Defendants Katz, Sapper & Miller, LLP, KSM Business Services, Inc., and Andrew Manchir respectfully request that this Court enter an Order imposing sanctions to the fullest extent allowed by Fed. R. Civ. P.

11(c), up to and including dismissal of the Complaint and all expenses and reasonable attorney's fees incurred by Defendants in connection with this meritless case, be imposed against Plaintiff's Counsel Eugene N. Bulso, Jr. and Paul J. Krog.

Respectfully submitted:

**Glassman, Wyatt, Tuttle & Cox, P.C.**

/s/ Richard Glassman
RICHARD GLASSMAN (#7815)
26 North Second Street
Memphis, TN 38103
(901) 527-4673 – phone
(901) 521-0940 – fax
rglassman@gwtclaw.com
GWTC No. 12-446
*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2018, a copy of the foregoing was sent via the Court's ECF system, U.S. Mail, Facsimile and/or electronic mail to the following:

Eugene N. Bulso, Jr. (Tenn. BPR No. 12005)
Paul J. Krog (Tenn. BPR No. 29263)
LEADER, BULSO & NOLAN PLC
414 Union Street, Suite 1740
Nashville, TN 37219

/s/ Richard Glassman
RICHARD GLASSMAN

4