IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

ZANDER GROUP HOLDINGS INC. and
JEFFREY J. ZANDER,

  Plaintiffs,

v.

KATZ, SAPPER & MILLER LLP; KSM
BUSINESS SERVICES INC.; and
ANDREW J. MANCHIR,

  Defendants.

Case No. 3:18-cv-653
JUDGE CAMPBELL
MAG. JUDGE BROWN

## RESPONSE TO MOTION FOR RULE 11 SANCTIONS

The plaintiffs, Zander Group Holdings Inc. and Jeffrey J. Zander, in opposition to Defendants' Motion for Rule 11 Sanctions, respectfully state as follows:

1. Defendants, Katz, Sapper & Miller LLP, KSM Business Services Inc. and Andrew J. Manchir (collectively "KSM"), have file an unusually frivolous Motion for Rule 11 Sanctions. KSM's Motion is predicated on the notion that (a) plaintiffs' claims in this action are barred by a release contained in Paragraph 3 of the parties' April 27, 2015, Confidential Settlement Agreement and Release (the "Agreement")(Dkt. 16-2)) and (b) plaintiff's counsel have violated Fed. R. Civ. P. 11 because no reasonably competent attorney would have filed this action given the release. Dkt. 23-1 (Memorandum) at 5-9. This Court should, for several reasons, deny KSM's Motion and should, pursuant to 28 U.S.C. §1927, order defense counsel Richard Glassman to

{00124762.DOCX / ver: }
-1-

pay plaintiffs' attorney's fees and costs for having unreasonably and vexatiously multiplied these proceedings.

2. First, on September 25, 2018, this Court filed an Order (Dkt. 21) setting out a briefing schedule for defendants' pending Motion to Dismiss and staying all other aspects of this case. The Order expressly states that "this case shall be STAYED pending resolution of the Motion to Dismiss." *Id.* KSM's Motion for Rule 11 Sanctions (Dkt. 23) and supporting Memorandum (Dkt. 23-1) were filed in direct violation of this Court's Order.

3. Second, for the reasons set out in detail in plaintiffs' Response to Motion to Dismiss (Dkt. 24), the Agreement is no bar to any of the claims asserted in this action. The Agreement contains a limited release, not a general release. (Dkt. 24 at 7) The Agreement only released claims that arise out of "the Dispute," a defined term that refers to the negligent tax advice at issue in the prior action. *Id.* The Agreement did not release all claims, or potential claims, Zander had or may have against KSM. *Id.* The Agreement did not even release all claims or potential claims Zander had or may have had against KSM arising out of the ESOP transaction. *Id.* Rather, in accordance with its express, clear, and unambiguous terms, the Agreement only released all claims "arising out of the Dispute," that is, Zander's claim that KSM negligently misrepresented to him that he would receive $2,400,000 in "tax savings" if he consummated the ESOP transaction. *Id.* at 5-11.

4. In its Memorandum, KSM states:

> The Settlement Agreement clearly dictates that Zander and ZGH have knowingly and voluntarily released and forever discharged Manchir, KSMBS, and the LLP ***from any and all present or future claims or obligations arising out of the consulting services provided by Manchir and KSM relating to the proposed acquisition*** of certain Zander Insurance Group holdings by a new entity called Zander Group Holdings, Inc. Employee Stock Ownership Plan.

Dkt. 23 at 5. (emphasis added) This statement misrepresents the plain language of the Agreement.

5. The Agreement provides that "Zander and JJZ…release and forever discharge Manchir and KSM from any and all… claims… ***in any way arising out of the Dispute*** …" *See* Dkt. 16-2, ¶ 3 (emphasis added) The instant case has nothing to do with the Dispute, much less does it "arise out of the Dispute." *See* Dkt. 24 at 8-9. This case arises out of the Secretary of Labor's allegations in a Complaint filed August 23, 2017, that "The [ZGH] employees paid much more than the shares [in Zander Group Holdings, Inc.] were worth." (Dkt. 1-1 (Case No. 3:17-cv-01187 Compl.) ¶ 9.) Zander has brought this action to recoup from KSM whatever damages the Secretary of Labor may recover in that action. (*See* Dkt. 1 ¶ 15.) Zander has not even arguably released such a claim. The premise of KSM's Motion for Rule 11 Sanctions, that plaintiffs have released the claims asserted in this action, is therefore erroneous as a matter of law.

6. Third, KSM's claim that plaintiffs' legal position is "egregious enough" to "warrant monetary sanctions" (Dkt. 23 at 9) is puzzling. This Court has not yet decided KSM's Motion to Dismiss. In plaintiffs' view, this Court is likely to find as a

matter of law that the plain language of the Agreement is no bar to this action. But even if plaintiffs were incorrect, KSM's claim that plaintiffs' legal position is "egregious" is baffling. Plaintiffs' position is supported by the express terms of the Agreement and the numerous legal authorities set out in plaintiffs' Response to Motion to Dismiss. (Dkt. 24) Rule 11 is not even arguably implicated here.

7. For this reason, this Court should require KSM's counsel, Richard Glassman, the signatory to the Motion for Rule 11 Sanctions, to pay the fees and expenses plaintiffs have incurred in responding to this baseless motion. 28 U.S.C. §1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Mr. Glassman's filing of the instant Motion unreasonably and vexatiously multiplied these proceedings both because he filed the Motion in violation of this Court's Order (Dkt. 21) and because plaintiffs' Response to Motion to Dismiss unquestionably has legal merit. Likewise, the fact that Mr. Glassman, as demonstrated in paragraph 4 *supra*, has to misrepresent to the Court the language of the release in order to frame an argument to support his position further supports an award of fees and expenses under 28 U.S.C. §1927.

For all of the foregoing reasons, this Court should rule deny defendants' Motion for Rule 11 Sanctions and should, pursuant to 28 U.S.C. §1927, order defense counsel

{00124762.DOCX / ver: }    -4-

Richard Glassman to pay the attorney's fees and expenses plaintiffs has incurred in responding to this Motion.

s/ Eugene N. Bulso, Jr.
Eugene N. Bulso, Jr. (#12005)
Paul J. Krog (#29263)
Leader, Bulso & Nolan, PLC
414 Union Street, Suite 1740
Nashville, TN 37219
 (615) 780-4100
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that the foregoing was served upon the following through the Court's ECF system:

Richard Glassman
GLASSMAN, WYATT, TUTTLE & COX, P.C.
26 N. Second Street
Memphis, TN 38103
901.527.2156 (o)
901.521.0940 (f)
*Attorneys for Defendants*

s/ Eugene N. Bulso, Jr.
Eugene N. Bulso, Jr.