IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ZANDER GROUP HOLDINGS, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | NO. 3:18-cv-00653 ) ) |
| KATZ, SAPPER & MILLER LLP, et al., | ) JUDGE CAMPBELL ) MAGISTRATE JUDGE FRENSLEY |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

Pending before the Court are Defendants' Motion to Dismiss for Failure to State a Claim (Doc. No. 16), Plaintiffs' Response (Doc. No. 24), and Defendants' Reply (Doc. No. 31). Through the Motion to Dismiss, Defendants argue the Complaint (Doc. No. 1) fails to state a claim because the claims arise out of a matter for which Plaintiffs granted a full release to Defendants through execution of a "Confidential Settlement Agreement and Release" in 2015. Although Defendants filed the Agreement and Release as part of their Motion to Dismiss, it is not mentioned in the Complaint, and Defendants have not yet filed an answer. For their part, Plaintiffs argue the Court may not consider the Agreement and Release on a motion to dismiss.

Defendants' Motion is brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the plaintiff has sufficiently alleged "a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In making that determination, well-pleaded factual allegations are accepted as true and are construed in the light most favorable to the nonmoving party. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950,

173 L. Ed. 2d 868 (2009). *Mills v. Barnard*, 869 F.3d 473, 479 (6th Cir. 2017). Matters outside the pleadings are not to be considered in ruling on a motion to dismiss, unless they are referred to and are integral to the complaint, are a matter of public record, or are otherwise appropriate for the taking of judicial notice. *See, e.g., Wyser-Pratte Management Co., Inc. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005); *Matthew N. Fulton, D.D.S., P.C. v. Enclarity, Inc.,* 907 F.3d 948 953 (6th Cir. 2018).

Plaintiffs did not refer to the Agreement and Release in the Complaint, and Defendants have not filed an answer. Thus, the Agreement and Release was not integral to the pleadings. Defendants argue the Court may take judicial notice of the material filed in another case brought in this court, *Zander, et al. v. Katz, Sapper & Miller, LLP, et al.,* Case No. 3:12cv967, in considering their Motion to Dismiss. A review of the record in that case, however, indicates that the Agreement and Release was never filed on the record. Therefore, as Defendants have failed to establish the Court may consider the Agreement and Release in ruling on the Motion to Dismiss, the Motion is **DENIED.**

After the Motion to Dismiss was filed, the Magistrate Judge stayed the proceedings in this case pending resolution of the motion to dismiss, and pending resolution of *Acosta v. Zander Group Holdings, Inc., et al.,* Case No. 3:17cv1187. (Doc. No. 21). The parties shall seek permission of the Magistrate Judge for relief from the stay before filing additional dispositive motions.

Also pending before the Court are Defendants' Motion for Rule 11 Sanctions Against Plaintiffs' Counsel (Doc. No. 23), and Plaintiffs' Response (Doc. No. 30). Through the Motion, Defendants argue Plaintiffs' Complaint "does not advocate a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." (Doc. No. 23, at 3). Defendants

also argue the factual contentions of the Complaint "have no basis in law or fact, have no evidentiary support, and will not have evidentiary support after further investigation or discovery." (*Id.*) The parties have not completed discovery in this case. Indeed, as discussed above, the proceedings in this case have been stayed. Consequently, the Court cannot determine whether Defendants' Motion meets the standard for imposing Rule 11 sanctions. Thus, the Motion is **DENIED,** as premature, without prejudice to filing at an appropriate time.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE