# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| ZANDER GROUP HOLDINGS INC. and JEFFREY J. ZANDER,<br><br>Plaintiffs,<br><br>v.<br><br>KATZ, SAPPER & MILLER LLP; KSM BUSINESS SERVICES INC.; and ANDREW J. MANCHIR,<br><br>Defendants. | Case No. 3:18-cv-653<br><br>Judge Campbell<br>Mag. Judge Newbern |

## DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, CERTIFICATION OF INTERLOCUTORY APPEAL

---

Richard Glassman
Glassman, Wyatt, Tuttle & Cox, P.C.
26 North Second Street
Memphis, TN 38103
(901) 527-4673 – phone
(901) 521-0940 – fax
rglassman@gwtclaw.com
GWTC No. 12-446

Richard A. Simpson (admitted *pro hac vice*)
WILEY REIN LLP
1776 K Street, NW
Washington, DC 20006
(202) 719-7000
(202) 719-7049 (facsimile)
rsimpson@wiley.law

Plaintiffs are exactly right that "words, like people, are known by the company they keep." Dkt. 67 at 11 (internal quotation marks and citation omitted). The unmodified term "related" "covers a very broad range of connections, both causal and logical." *Gregory v. Home Ins. Co.*, 876 F.2d 602, 606 (7th Cir. 1989). Here, the parties defined "arising out of" to mean "*directly or indirectly* resulting from, connected with *or in any manner* related to the subject to which that phrase refers." Dkt. 46-3 at 2 (emphasis added). Plaintiffs' contention that this phrasing *narrows* the meaning of "related" speaks for itself. Even if Dispute were limited to the tax aspects of Defendants' services, the release would still extend to claims based on their valuation services.

As to the meaning of Dispute, Plaintiffs never engage with Defendants' real argument. Defendants have never contended that extrinsic evidence may not be considered. Instead, Defendants argue that the Court erred by using extrinsic evidence to contradict, limit, or vary the plain language of the Agreement.

**I.     ARGUMENT**

**A. The Order contains a clear error of law because, even if the "Dispute" relates only to tax advice, the defined phrase "arising out of" is broad enough to encompass the claims asserted in the present litigation.**

**i.     The interpretation of "arising out of" is properly before the court.**

Plaintiffs contend that arguments based on the defined phrase "arising out of" are waived. Not so. In the case on which Plaintiffs rely, *Bank of Ann Arbor v. Everest National Insurance Co.*, 563 F. App'x 473 (6th Cir. 2014), an insurance company initially denied coverage based on a rider to a bond and a specific provision of the bond itself. *Id.* at 476. In the pleadings and its motion for summary judgment, the insurance company continued to rely only on that specific provision. *Id.* at 477. Later, in its motion for reconsideration, the insurance company raised for the first time an argument based on an entirely different provision of the bond that had never been cited to or

considered by the court. *Id.* The Sixth Circuit held only that the district court did not abuse its discretion in declining to consider the new argument. *Id.*

Here, in sharp contrast, Defendants squarely raised the issue of whether the Agreement's release language extends to the claims asserted in this case. Both parties and the Court quoted and relied on the controlling language, including the "arising out of" definition. In fact, Defendants quoted and relied upon the phrase "arising out of" repeatedly to support their argument that the release language extended to then unknown claims, including the current claim. Dkt. 46-2 at 2, 4, 6, 12, 14. Admittedly, Defendants' Motion to Reconsider expanded on the import of the definition as argued in the Motion for Summary Judgment. But the issue presented is still exactly the same: whether the release language before the Court, including the definition of "arising out of," bars the claims asserted in this litigation. That is the issue the Court decided; it has not been waived.[1]

> ii. **Even if the "Dispute" were limited to tax advice, which it is not, the "arising out of" definition broadly encompasses the valuation services.**

Interpreting a provision releasing "any and all claims [plaintiff] has or may acquire arising out of or related to his employment," the Court of Appeals of Tennessee recognized that "the language of the release . . . was broad in scope." *Davenport v. Home Fed. Bank of Tenn., F.S.B.*, No. 03A01-9401-CV-00034, 1994 WL 287591, at *6 (Tenn. Ct. App. June 30, 1994). Here, the modifiers "directly or indirectly" and "in any manner" expand the already broad concepts of "arising out of" and "related to." *See, e.g.*, *Darwin Nat. Assur. Co. v. Westport Ins. Co.*, No. 13-cv-02076, 2015 WL 1475887, at *12–13 (E.D.N.Y. Mar. 21, 2015) (noting "'based upon,' 'arising out of,' and 'in any way involving'" are broad and "in any way involving" "simply requires some

---

[1] In all events, the Court would have discretion to consider Defendants' arguments. Defendants urge the Court to do so in the interest of justice by deciding the case on the merits and reaching the right result. Defendants apologize to the Court for not addressing fully in the Motion all the reasons the definition of "arising out of" mandates a finding that the release applies to the current claim.

2

kind of connection or relationship between the two"); *Gradis v. Banner Health*, No. 1 CA-CV-16-0056, 2017 WL 773522, at *3 (Ariz. Ct. App. Feb. 28, 2017) (interpreting release and finding contractual language "arising out of or relating in any manner whatsoever" is "far broader" than statutory language "arising out of and in the course of employment"); *In re SRC Holding Corp.*, 545 F.3d 661, 668 (8th Cir. 2008) (applying "expansive" reading to "*any* claim . . . in *any* way involving" based on United States Supreme Court decision holding that "'any' when '[r]ead naturally . . . has an expansive meaning'" (quoting *United States v. Gonzales*, 520 U.S. 1, 5 (1997) (emphasis and alterations in original))).

Plaintiffs' reliance on cases holding that the phrase "connected with" requires a "substantial relationship" do not help them for three reasons. First, "resulting from, connected with or in any manner related to" are stated in the disjunctive; any one of the three will do. Second, Plaintiffs ignore the modifier "directly or indirectly" that expands the meaning of "connected with." Finally, even ignoring the modifier, Plaintiffs make no effort to explain how there is not a substantial relationship between the claims asserted in this case and those asserted in *Zander I*. The engagement letter makes no distinction between different aspects of Defendants' services; it refers to Defendants' "consulting services" generically as an integrated whole. So does the Agreement. The only way to make a distinction between the tax aspects of Defendants' consulting services and the valuation aspect of the same services is by looking outside the relevant documents to break a unified whole into its constituent parts. The fact that "consulting services" can be broken down into parts by no means suggests that there is not a substantial relationship between them.

Plaintiffs cite two cases to support the proposition that courts have "declined to sweep the parties' entire relationship and all factual aspects into the release," even when the contracts release claims "related to" a particular "dispute." Dkt. 67 at 10. But neither of those courts interpreted

the phrase "related to." Those decisions focused on the specific definitions of "Dispute" in particular contracts. *See BMC-The Benchmark Mgt. Co. v. V3 231 LLC*, No. 12-cv-7921, 2013 WL 5420982, at *5–6 (S.D.N.Y. Sept. 27, 2013) (quoting the definition of "Dispute" as "concerning the appropriateness of certain of the amounts or payments included in the BMC Claims" to hold that the parties did not release claim regarding breach of an agreement); *Glovia Int'l Inc. v. La Cie Ltd.*, No. CV-09-0408, 2009 WL 10672325, at *3 (C.D. Cal. June 30, 2009) (quoting the definition of "Dispute" that covered "issues with respect to the all [sic] licensed software elements provided by Glovia and Pro-IV Software only" in determining claim that Plaintiffs' continuing practice of relying on unconscionable provisions in the agreement to tie licensing to "fictitious and unneeded" technical support was not released (alteration in original)). In fact, in *Glovia*, the plaintiffs conceded that the claims were probably not released. *Id.* at *3. Neither of these cases dealt with whether one claim is related to another claim under a broad definition of a phrase, like the definition of "arising out of" here. By contrast, Defendants cited a legion of cases holding that claims far less closely connected than those at issue here are "related" claims.[2]

---

[2] Plaintiffs suggest, with no reasoned explanation, that the cases Defendants cited are unpersuasive simply because they are insurance cases. Dkt. 67 at 9. But the analysis in those cases is precisely the same analysis mandated by the contract language here: are the claims at issue related to one another. Indeed, the fact that this case does not involve an insurer seeking to enforce the terms of an insurance policy cuts in favor of interpreting "related" more broadly, not less so. Insurance policies are generally construed against the insurer, whereas here Paragraph 16 of the Agreement specifies that it should not be construed against any party. In that regard, the *Gregory* court explained that it was employing the "commonly accepted definition of the concept [of "related"]," stating "we don't think the rule requiring insurance policies to be construed against the party who chose the language requires such a drastic restriction of the natural scope of the definition of the word 'related.'" *Gregory*, 876 F.2d at 606. Moreover, the term "related" was undefined in *Gregory*. *Id.* at 606 and n.5 (referring to the "common understanding" of the term "related" and citing several dictionary definitions of the term). It follows *a fortiori* from the large body of cases ruling for insurers on related claims issues that the claims at issue here are "in any manner related."

4

Case 3:18-cv-00653   Document 68   Filed 11/25/20   Page 5 of 8 PageID #: 721

### B. The Order contains a clear error of law because it relied on extrinsic evidence to contradict, limit, or vary the plain terms of the release.

As to the meaning of Dispute, Plaintiffs apparently misunderstand Defendants' argument. Plaintiffs repeatedly assert that Defendants introduced evidence from *Zander I*.[3] But which party introduced the materials is beside the point. Defendants never argued that the Court violated the parol evidence rule simply because it examined the context surrounding the agreement. Dkt. 59-1 at 6 (acknowledging that extrinsic evidence of context is relevant to the Court's interpretation). Defendants maintain instead that the Court relied on that evidence to contradict, limit, or vary the terms of the fully integrated agreement, which does violate the parol evidence rule.

The contractual definition of "Dispute" refers to "*consulting services*." Dkt. 46-3 at 1. The Agreement never once distinguishes between aspects of Defendants' services. Neither does the engagement letter pursuant to which the services were provided. Although the Court is free to consider the context surrounding execution of the Agreement in construing its terms, it cannot rely on that evidence to limit them. The Court limited the release to only that aspect of Defendants' consulting services related to tax advice. The Court thus violated the parol evidence rule because it relied on extrinsic evidence to limit the unambiguous language of the Agreement.

## II.     CONCLUSION

Under Rule 54(b), the Court should reconsider its denial of Defendants' Motion for Summary Judgment because the Order contains a clear error of law. Alternatively, the Court should certify the Order for interlocutory appeal.[4]

---

[3] Moreover, Plaintiffs' suggestions that this argument "manifestly represents an entirely different line of attack" than that presented in the Motion for Summary Judgment flatly makes no sense. Any time a party argues that an Order contains an error of law it is a "new line of attack"; crucially, however, it is not one that could have or should have been raised previously.

[4] With respect to the latter argument, Defendants rest on the initial Memorandum of Law filed in Support of the Motion.

November 25, 2020

                    Respectfully submitted:

                    /s/ Richard Glassman
                    RICHARD GLASSMAN (#7815)
                    26 North Second Street
                    Memphis, TN 38103
                    (901) 527-4673 – phone
                    (901) 521-0940 – fax
                    rglassman@gwtclaw.com
                    GWTC No. 12-446

                    /s/ Richard A. Simpson
                    Richard A. Simpson (admitted *pro hac vice*)
                    WILEY REIN LLP
                    1776 K Street, NW
                    Washington, DC 20006
                    (202) 719-7000
                    (202) 719-7049 (facsimile)
                    rsimpson@wiley.law
                    *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 25, 2020, a copy of the foregoing was sent via the Court's ECF system, U.S. Mail, Facsimile and/or electronic mail to the following:

Eugene N. Bulso, Jr. (Tenn. BPR No. 12005)
Paul J. Krog (Tenn. BPR No. 29263)
LEADER, BULSO & NOLAN PLC
414 Union Street, Suite 1740
Nashville, TN 37219

                                   /s/ Richard Glassman
                                   RICHARD GLASSMAN