# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: June 17, 2021

Mr. Richard Glassman
Glassman, Edwards, Wyatt, Tuttle & Cox
26 N. Second Street
Memphis, TN 38103

Mr. Paul J. Krog
Law Office
155 Franklin Road, Suite 400
Brentwood, TN 37027

Mr. Richard A. Simpson
Wiley Rein
1776 K Street, N.W.
Washington, DC 20006

     Re: Case No. 20-507, *In re: Katz, Sapper & Miller LLP, et al*
        Originating Case No. : 3:18-cv-00653

Dear Counsel:

 The Court issued the enclosed Order today in this case.

              Sincerely yours,

              s/Robin L. Johnson
              Case Manager
              Direct Dial No. 513-564-7039

cc: Ms. Lynda M. Hill

Enclosure

No mandate to issue

No. 20-0507

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

In re: KATZ, SAPPER & MILLER LLP, et al.,   )
                                            )   O R D E R
   Petitioners.                             )

FILED
Jun 17, 2021
DEBORAH S. HUNT, Clerk

Before: SUHRHEINRICH, WHITE, and BUSH, Circuit Judges.

Defendants Katz, Sapper & Miller LLP, KSM Business Services Inc., and Andrew J. Manchir petition under 28 U.S.C. § 1292(b) for leave to appeal the district court's order denying their motion for summary judgment in this diversity suit arising out of Defendants' provision of consulting services to Plaintiffs Zander Group Holdings Inc. ("ZGH"), and Jeffrey J. Zander. Plaintiffs oppose the petition. Defendants have also filed an additional citation, which Plaintiffs oppose.

This suit arises from Defendants' provision of tax and valuation consulting services to Plaintiffs. Plaintiffs sued Defendants once before, alleging that their tax advice had cost them substantial losses. That suit ultimately ended through a settlement agreement that contained a release of claims. After Plaintiffs were subsequently forced to defend and resolve a suit brought by the Secretary of Labor concerning valuation decisions made on Defendants' recommendations, they sued Defendants a second time. Defendants moved for summary judgment based on the release clause, but the district court denied the motion. Defendants moved for reconsideration, arguing that the district court impermissibly relied on extraneous evidence to limit the scope of the

release clause's use of "arise out of." The district court denied reconsideration, but certified its prior order for an immediate appeal.

As an initial matter, Plaintiffs argue that Defendants cannot raise the arguments in their petition. They assert that "[n]either the 'arising-out-of' argument nor the parol-evidence argument on which the Defendants rely in their application appeared in the District Court prior to their Rule 54(b) motion for reconsideration" and that, therefore, neither is preserved for appeal. Instead, Plaintiffs assert, Defendants' briefing in the district court "focused on the insistence that the release encompassed all known or unknown claims arising out of their consulting services." In addition, Plaintiffs assert that Defendants forfeited their parol-evidence argument "by inviting the District Court to do what they now claim to have been error: rely on documents from [the first suit]."

"[We] generally will not consider an argument not raised in the district court and presented for the first time on appeal." *United States v. Ellison*, 462 F.3d 557, 560 (6th Cir. 2006). But Defendants did raise their "arising-out-of" and parol-evidence arguments in their motion for reconsideration below, and the district court considered both arguments in denying reconsideration. Moreover, Defendants could not have argued that the district court impermissibly considered parol evidence until after the district court entered its summary judgment ruling, making their motion for reconsideration the earliest opportunity to raise that argument. To the extent Defendants did not expressly assert their "arising-out-of" argument until later on, the district court noted in denying reconsideration that it had weighed the substance of the argument in its prior order and rejected it. Where, as here, the question is purely legal and the parties have fully briefed the issue, this court may find that the issue "is 'presented with sufficient clarity and completeness' to ensure a proper resolution." *Id.* at 561 (quoting *Pinney Dock & Transport Co. v.*

*Penn Cent. Corp.*, 838 F.2d 1445, 1461 (6th Cir. 1988)). Accordingly, we will examine whether the issues presented support interlocutory appeal.

We have discretion to hear an appeal certified by the district court "if (1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002) (citing 28 U.S.C. § 1292(b)); *see also In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017) (order). Because the district court has certified its order for review, "the three factors that justify interlocutory appeal should be treated as *guiding criteria* rather than *jurisdictional* requisites." *In re Trump*, 874 F.3d at 951 (citation omitted) (emphasis added). "These criteria, along with other prudential factors, guide our discretion . . . ." *Id*.

This appeal does involve a controlling question of law. Defendants describe the relevant legal question as "whether an unambiguous Settlement Agreement bars the claims asserted in this litigation." The parties agree that the release clause is unambiguous, and in Tennessee, the interpretation of an unambiguous contract term is a question of law. *Richland Country Club, Inc. v. CRC Equities, Inc.*, 832 S.W.2d 554, 557 (Tenn. Ct. App. 1991). "A legal issue is controlling if it could materially affect the outcome of the case." *City of Memphis*, 293 F.3d at 351. And, arguably, reversing the district court could potentially result in it granting Defendants summary judgment.

That said, this case does not involve a substantial ground for difference of opinion. Such grounds have been found "when (1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists

within the controlling circuit; or (4) the circuits are split on the question." *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) (order) (citation omitted).

Defendants argue there is a split within Tennessee courts related to whether, when, and to what extent they may consider extrinsic evidence when interpreting contract language. But in *Individual Healthcare Specialists, Inc. v. BlueCross BlueShield of Tenn., Inc.*, the Tennessee Supreme Court set forth an unambiguous standard: for fully integrated contracts like the one at issue here, extrinsic evidence may be used only to determine the reasonable meaning of contract terms "in line with the parties' intent," but not "to vary, contradict, or supplement the contractual terms of a fully integrated agreement." 566 S.W.3d 671, 697–98 (Tenn. 2019) (citing *URI, Inc. v. Kleberg Cnty.*, 543 S.W.3d 755, 765 (Tex. 2018)). Applied to this case, there can be little dispute that the district court was justified in considering evidence from the parties' original suit to ascertain their intent and to define terms; Defendants simply disagree with the district court's interpretation of that evidence, which is a case-specific inquiry better suited for appellate consideration in the ordinary course.

Finally, it is not entirely clear whether an interlocutory appeal would materially advance the ultimate termination of the litigation. *See In re City of Memphis*, 293 F.3d at 351. Even if we reversed on appeal, the district court would have to conduct another fact-bound interpretation of the release—its third, following the motion to reconsider—teeing the case up for an appeal by the losing side. *See In re Trump*, 874 F.3d at 952. And, in any event, given that Defendants have not shown substantial grounds for a difference of opinion, interlocutory appeal is inappropriate.

No. 20-0507
-5-

The petition for leave to appeal is **DENIED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk